**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| INEZ LAMPKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-CV-01174 CDP |
| | ) |
| CARE STL HEALTH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff brings this action under the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. §§ 12101, *et seq.,* alleging employment discrimination against her former employer, Care STL Health. [ECF No. 1]. Before the Court are plaintiff's motions to proceed in forma pauperis and for appointment of counsel. [ECF Nos. 2 and 3]. After review of the financial information, the Court will grant plaintiff's motion to proceed in forma pauperis. Plaintiff's motion for appointment of counsel will be denied, without prejudice. Plaintiff will be given thirty (30) days to submit a copy of her charge of discrimination.

Plaintiff Inez Lampkin filed this action against her former employer Care STL Health pursuant to the ADA alleging failure to accommodate her disability, retaliation, a hostile work environment and termination of her employment. She asserts that she suffered from severe allergies, that her employer knew of her allergies, and that they failed to accommodate her disability. Plaintiff additionally alleges that instead of seeking to remedy the situation, defendant actively tried to cause her allergies to worsen by using products that made her condition deteriorate, and after she called attention to the issue, she was fired.

Plaintiff indicates in her complaint that she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), however, she has failed to mark the date she filed the charge and/or attach the charge to her complaint.[1] *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000) ("In order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter."). The same requirement applies for ADA claims. *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018) (in order to assert an ADA claim, the plaintiff must have first exhausted her administrative remedies by filing a charge of discrimination with the EEOC); *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 638 (8th Cir. 2003) ("There is a long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."); and *Randolph v. Rogers*, 253 F.3d 342, 347 n.8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies").

Consequently, the Court will order plaintiff to supplement the complaint by submitting a copy of her charge of discrimination within **thirty (30) days** of the date of this Order so the Court may ascertain whether plaintiff's claims in her complaint are like or reasonably related to the claims outlined in her charge. *Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004). If plaintiff fails to submit her charge of discrimination within thirty (30) days, the Court will dismiss this action without prejudice and without further notice.

### Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. [ECF No. 3]. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940,

---

[1] Plaintiff has attached a copy of her right to sue letter to her complaint.

942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall submit a copy of her charge of discrimination within **thirty (30) days** of the date of this Order. Plaintiff's failure to do so will result in a dismissal of this action without further proceedings.

3

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice**.

                                                      */s/ Catherine D. Perry*
                                                CATHERINE D. PERRY
                                                UNITED STATES DISTRICT JUDGE

Dated this 29th day of September, 2025.